(No. 77AP-499—Decided December 13, 1977.)

*Messrs. Wolske & Blue,* for appellants.
*Mr. George C. Smith,* prosecuting attorney, *Mr. William G. Huggins* and *Mr. Frank A. Ray,* for appellee.

Holmes, J. This matter involves the appeal of a judgment of the Common Pleas Court of Franklin County, which court sustained the defendant's motion to dismiss made pursuant to Civ. R. 12(B)(6) in an action by the plaintiffs seeking damages against the defendant Ben Franklin Clinic for physical injuries arising from alleged improper medical care by the clinic.

On January 19, 1977, the defendant filed the motion to dismiss stating that such was being filed pursuant to the provisions of Civ. R. 12. There was a memorandum setting forth the supportive law filed with the motion. Also there was an affidavit of Mr. Walter McClory, trustee of the clinic, filed with the motion to dismiss. The affidavit stated in effect that Ben Franklin Clinic was established and is maintained pursuant to R. C. 339.39, that section of law which provides for tuberculosis clinics, as distinguished from tuberculosis hospitals. Further, the affiant stated that there were no bed facilities, no services or facilities for serving meals, and no availability of 24-hour nursing care.

On February 4, 1977, the plaintiffs filed a memorandum contra defendant's motion to dismiss, such memorandum initially referring the trial court to the affidavit accompany-

ing the defendant's motion to dismiss, and requesting the court to treat the motion as a motion for summary judgment under Civ. R. 56. The plaintiffs filed no counter-affidavits, stipulations, or other such evidence pursuant to Civ. R. 56.

However, the trial court did not, as required by Civ. R. 56 where proceeding under summary judgment, fix a specific hearing date, nor did the trial court state in its decision that it was proceeding under Rule 56. Further, the trial court did not make the specific finding that there was no genuine issue as to any material fact. Lastly, there is no specific indication that the trial court applied the summary judgment test that judgment shall not be rendered unless it appears that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.

The trial court, in sustaining the motion to dismiss, construed a number of pertinent sections of law and in effect concluded that Ben Franklin Clinic was not a tuberculosis hospital established pursuant to R. C. 339.20, but, rather, was a tuberculosis clinic established pursuant to R. C. 339.30, and that as such the provisions of R. C. 2743.-02(B), waiving the sovereign immunity "of all hospitals owned or operated by one or more political subdivisions," did not apply to this defendant clinic.

The plaintiffs appeal, setting forth the following assignments of error:

1. "The court below erred in dismissing plaintiff's complaint as a factual finding as to the nature of defendant clinic's operation which the trial court deemed to be dispositive was never made and could not be made under Civil Rule 12[B][6]."

2. "The court below erred in dismissing plaintiffs' complaint as it did not correctly interpret R. C. 2743.02[B] and did not have an adequate record from which to determine whether or not defendant fell within the waiver of sovereign immunity in that statute."

Technically, the trial court did not treat the instant motion as a motion for summary judgment, although the plaintiffs requested the court to so treat it. It would have

212

been entirely proper for the trial court to have so treated the motion, and to have specifically referred to the supportive affidavit, and to have stated the basic words of the rule to the effect that no genuine issue as to any material fact existed. If the trial court had gone through these procedural steps, particularly in view of the affidavit in support of the motion, there would have been sufficient basis upon which to have entered a summary judgment for the defendant.

However, the trial court proceeded to review the motion ostensibly upon Civ. R. 12, where it would be limited to the determination of the sufficiency of the plaintiffs' complaint. The complaint and the action is brought against the Ben Franklin Clinic. The memorandums of both the defendant and the plaintiffs filed relative to the motion to dismiss argue long and well as to the definitions of clinic versus hospital, as such relate to the waiver of immunity of hospitals operated by governmental subdivisions. It is our view that the trial court could make its determination of the sufficiency of the plaintiffs' complaint by way of the complete review and analysis of the applicable law as it did.

The specific waiver of immunity statute involved here is R. C. 2743.02 (B), which states:

"The state hereby waives the immunity from liability of all hospitals owned or operated by one or more political subdivisions and consents for them to be sued, and to have their liability determined in the court of common pleas, in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. This chapter is also applicable to hospitals owned or operated by political subdivisions which have been determined by the supreme court to be subject to suit prior to the effective date of this section."

We agree with the conclusion of the trial court that clinics do not come within the definition of "hospital" as that term is used in R. C. 2743.02. In support of such conclusion, we note the following:

The enabling statute for the provision of clinics by County Commissioners is R. C. 339.39, which states as follows:

"The board of county commissioners of any county may establish and maintain one or more tuberculosis clinics in the county, may employ physicians, public health nurses, and other persons for the operation of such clinics or other means as are provided for the prevention, cure, and treatment of tuberculosis, and may provide by tax levies, or otherwise, the necessary funds for such clinics to be established, maintained, and operated. Clinics so established shall be under the control of the board of county commissioners, and shall be supervised by a board of three trustees, similar in all respects to and with all the powers enjoyed by a board of trustees of a county tuberculosis hospital, or by a city or general district board of health within the county, as the board of county commissioners designates."

The legislature has also provided for the establishment of county tuberculosis hospitals within R. C. 339.20, which in pertinent part is as follows:

"The department of health shall have general supervision of all sanatoria, hospitals, and other institutions engaged in the maintenance, care, and treatment of persons suffering from tuberculosis * * *.

"As used in this section, 'maintenance, care, and treatment' means proper housing and nutrition, the use of approved and modern medical and surgical methods of treatment, skilled nursing attention, and such educational, prevocational rehabilitation, or other services, as the medical director of each tuberculosis institution prescribes."

The plaintiffs at no time have denied that the defendant was established pursuant to R. C. 339.39, which provides for the establishment of tuberculosis clinics.

Viewing both of these enabling statutes, it is apparent that the legislature was giving attention to the various medical service needs in the field of tuberculosis care. In the instance of hospitals engaged in the maintenance, care, and treatment of persons suffering from tuberculosis, such "maintenance, care, and treatment means proper housing and nutrition, the use of approved and modern medical and surgical methods of treatment, skilled nursing attention * * *." The specific requirements of housing and nutrition are not requisites of the operation of a tuberculosis clinic

under R. C. 339.39, and although the affidavit of Mr. Mc-Clory was not referred to by the trial court in its decision, such affidavit having been referred to by both the defendant and the plaintiffs in their memorandums, it is reasonable to assume that the court had reviewed such. In any event, such affidavit stated that there were no bed facilities and no service or facilities for serving meals, and no availability of regular nursing care.

The trial court, in determining whether a tuberculosis clinic came within the state's waiver of immunity from liability of all hospitals owned or operated by one or more political subdivisions, referred to the 1976 amendment of R. C. 2305.11(D)(1) of the Medical Malpractice Act which, within the definition of "Hospitals," enacted the new language, "Such term further includes any person, corporation, association, board, entity or authority responsible for the operation of any clinic that employs a full-time staff of physicians practicing in more than one recognized medical specialty and rendering advice, diagnosis, care and treatment to individuals."

The court concluded, correctly we believe, that the legislature intended by such amendment to include these particular types of clinics within the waiver of immunity.

Further, the trial court reasonably concluded that all the clinics functioning within only one medical specialty were, conversely, not to be included within the waiver of immunity statute.

Based upon all of the foregoing, we conclude that the trial court did not err in construing the various statutes in consideration of the motion to dismiss on the basis that the plaintiffs' complaint had not stated a cause of action upon which relief could be granted. Both assignments of error are therefore overruled.

The judgment of the Common Pleas Court of Franklin County is hereby affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and REILLY, J., concur.